East'n. District.
*June*, 1826.

ABAT
*vs.*
BAYON.

A defendant cannot amend his answer, so as to change the substance of the issue joined.

An engagement to furnish security, that the affairs of a partnership will be liquidated, is not complied with by giving bond to pay the debts of it.

He who enters on an office without proper authority, subjects himself to all the responsibilities of the situation he usurps, and cannot claim the benefits of it.

## ABAT vs. BAYON.

APPEAL from the court of the third district.

PORTER, J., delivered the opinion of the court. This case has been already before us, and was remanded. *Vol.* 3, 644.

The parties to this suit were partners, or rather owners in common of various objects, and particularly of a plantation situated in the parish of Lafourche. Difficulties arose in relation to the division of this property, and they terminated by a *transaction*, according to which it was agreed the plantation should be sold, on a credit of one, two and three years.

A public sale took place in pursuance of this agreement, at which the petitioner became the purchaser of the plantation at that time in the possession of the defendant, but which, by the terms of the sale, he bound himself to deliver on the first day of January then next ensuing.

The petition states, that the defendant illegally and tortiously refused to deliver to the plaintiff the property which she had purchased; and that since the period of his refusal the buildings and improvements have

been consumed by fire. She prays for a re-cission of the sale, and demands 8000 dollars, the damages sustained by her in consequence of the failure of the defendant to comply with his contract.

The defendant pleads:

1. That by the twenty-second article of the *transaction* referred to in the plaintiff's petition, the present cause, if any exist, ought to be inquired into and decided by arbitrators; and that the defendant has been always ready to answer before that tribunal, which alone has authority in the premises.

2. That the matters and things set forth in the petition, have been already decided against the respondent, in an action wherein he was plaintiff, and the petitioner defendant.

3. And lastly, that all the allegations in the petition are untrue.

When the cause returned to the district court, the plaintiff moved and obtained leave of the court, to file a supplemental or amended petition; in which she stated, that by the *transaction* as well as the process verbal of the sale referred to in the petition, it was stipulated, that endorsed notes should be given for the purchase money of the immo-

veables sold to the satisfaction of the vendors; but that the petitioner was not obliged to give her endorsed notes, because by other stipulations in that *transaction*, several acts were to be done by the defendant as a condition precedent, to the delivery of these obligations on her part.

This amended petition was objected to on the part of the defendant, as changing the nature of the action; and in the points filed in this court, this change is stated to be, that in the original petition the sale is alleged to be conditional, and by the amendment it is stated to be unconditional.

The original petition, so far from setting out a conditional sale, avers an unconditional one. The amendment discloses a condition; but avers, that there were other conditions to be performed by the defendant antecedent to that which the plaintiff was to execute, and that, consequently, the obligation on the part of the former to deliver the plantation, was complete. This amendment made no change in the substance of the action: it was only setting out the facts on which the plaintiff had a right to consider the defendant's obligation to deliver the plantation complete, at the time

specified in the contract. We therefore think, the court did not err in receiving it.

East'n. District,
*June*, 1826.

ABAT
*vs.*
BAYON

The defendant filed an amended answer, in which he stated that all the allegations contained in the supplemental petition were untrue, and that he had not neglected or refused to comply with the conditions stipulated in the *transaction*. He also offered two pleas, which were rejected by the court, and the decision which refused them, forms the matter of the second bill of exceptions. The first of these pleas avers, that the plaintiff is indebted to the defendant as liquidator of the partnership in the sum of 12,000 dollars, for articles by her purchased at the auction of their property, for which he prays judgment.

The second demands judgment for 2000 dollars against the plaintiff, the amount of the penalty stipulated in the compromise or *transaction*, for the non-compliance with the conditions therein expressed.

The judge decided correctly, in refusing permission to the defendant to file these pleas, because it was changing the substance of the issue joined; which cannot be done in an amended answer. *Code of Practice, art.* 420. The counsel for the appellant has contended,

East'n. District.
*June*, 1826.

ABAT
*vs.*
BAYON.

that this provision of the Code applies only to cases where the defendant seeks to amend the answer, without the plaintiff having amended the petition; but the words of the law embrace all cases, and we cannot except any. As the plaintiff is prohibited from altering the *substance* of the action by an amendment, we know no good reason why the defendant should have more liberty to change the substance of the defence, in answering that amendment, than he would in adding to his answer, to the original petition.

The third bill of exceptions is taken to a decision of the judge *a quo*, rejecting two documents. The first of which was to show that the defendant had, in pursuance of the *transaction* or compromise, entered into with the plaintiff, furnished security for the liquidation of the partnership affairs: the second, to establish that the petitioner had recognised the defendant's capacity as liquidator.

To understand the force of this objection, and the correctness of the opinion of the court, it is necessary to recur to the instrument of compromise on which this suit has originated. According to the stipulations in that compromise, the land mentioned in the

petition was put up at sale, and the plaintiff became the purchaser. The *procès verbal* of the adjudication states, that the land was sold on the condition that the plantation was to be delivered on the first of January then next ensuing, the purchasers specially mortgaging the immoveables, and giving their notes endorsed to the satisfaction of the sellers. It made a part of the compromise that the partners, if they purchased at the sale, should not receive possession of the property until they stated who were their endorsers, and such endorsers were approved. The defence set up in this case, is, that the plaintiff did not comply with the conditions on which she purchased, and that, consequently, the defendant was not in fault in not delivering the plantation.

In opposition to this, the plaintiff contends, that she was not obliged to give her notes, because, by the seventh article of the compromise, the defendant was appointed liquidator of the succession, on the condition that he should give a sufficient surety or mortgage for the faithful settlement of the partnership affairs. She further contends, that before the time of delivering the plantation, the defen-

dant had failed in another obligation imposed on him by the compromise: to furnish her every three months a statement of the progress he was making in the liquidation of the partnership.

We think, the court did not err in refusing to receive the evidence offered of the defendant's compliance with the conditions imposed on him by the compromise. The instrument is very informal: it is payable to no one; and the surety does not bind himself that the defendant will liquidate the affairs of the partnership, but that he will pay the debts due; which was only a part of the obligation imposed on him.

As to the other document mentioned in this bill of exceptions, it was wholly immaterial, and, therefore, though the court would not have erred in admitting it, the cause cannot be sent back because it was rejected. It is stated in the bill of exceptions, that the paper was offered as evidence of the plaintiff's admission; the defendant was liquidator of the estate. The amended petition admits that he was appointed, and charges on him, as a breach of duty, that he failed to render her an account every three months as he was

bound to do. Any evidence to a point ad-
mitted by the pleadings was unnecessary.

East'n. District.
*June*, 1826.

The last bill of exceptions embraces the
whole merits of the case. The defendent
requested the judge to charge the jury, that
the obligation imposed on him by the compro-
mise was a distinct and independent obliga-
gation on his part of the breach, of which the
plaintiff could take no advantage: and that
his violation of the contract, was no justification
of her failure to comply with the terms on
which she had purchased the land. The
judge refused so to charge the jury, and the
defendant excepted.

According to the compromise, the defendant
was appointed liquidator of the partnership
affairs, on condition that he furnished security
for the faithful discharge of the trust. He also
bound himself to render every three months,
an account of his administration. He failed
to comply with these stipulations on his part,
and consequently had not a right to settle the
affairs of the firm. His having in point of fact
proceeded to do so, without complying with
the conditions on which the power was given
to him, makes his case worse, and the plain-
tiff's stronger: for when she saw him not

only failing to give the security which he had promised to do, but also going on to collect the moneys due the partnership, she had in the apprehensions, such conduct must necessarily excite, an additional reason not to jeopardise her interest still further, and to insist on her legal rights. She was not in fault in not giving her notes, for the defendant could not have legally demanded them until he furnished security. He is therefore responsible for the consequences of failing to comply with an agreement, which he commenced violating. The plaintiff did every thing that equity could require of her, and more than in law she was bound to do. She placed notes in the hands of the parish judge to secure the defendant, in case the amount she had purchased, should on the settlement appear to be more than her share.

The defendant has insisted, that the court erred, in sustaining a suit for a single item of the accounts between the parties. This action is not an account, and the principle relied on can only be invoked by those who are acting legally under an appointment. Here the defendant was in his own wrong: he had no right to take on him the liquida-

tion until he complied with the condition on which the power was conferred, and without which condition it is evident it would not have been conferred. The consequence of entering on an office either public or private, without proper authority, is, that he who does so, subjects himself to all the responsibilities of the situation he usurps, and cannot claim the benefits of it. He who suffers by a wrong doer, may select one, or all his acts, as the ground of action.

East'n. District.
*June*, 1826.

ABAT
*vs.*
BAYON.

The first jury who tried the cause, assessed the plaintiff's damages at $3000; the last has estimated them at $3,500. We think the proof supports the verdict, and do therefore adjudge, and decree, that the judgment of the district court be affirmed with costs.

*Morel* for defendant.